**In re Arthur D. DAWSON, Jr., Debtor.**

**Bankruptcy No. 80–01818.**

United States Bankruptcy Court, M. D. Alabama.

July 23, 1981.

108

William T. Stephens, Legal Counsel, Employees Retirement System (St. of Ala.) Montgomery, Ala., for movant.

Miles Hall, Montgomery, Ala., for debtor.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

The debtor, Arthur D. Dawson, Jr., filed a case under Chapter 13 of the Bankruptcy Code [1] in this court on October 28, 1980. He filed therewith a plan to pay his creditors in full out of his income consisting solely of disability benefits from his former employer, the State of Alabama. The plan was duly confirmed and thereafter an order was issued by this court to the State of Alabama Retirement System ordering it to withhold from the debtor's benefits an amount sufficient to carry out the terms of his plan, i. e., $35.00 per month, and to forward these funds to the standing trustee for Chapter 13 cases.

This matter is not before the court on the motion of the State of Alabama Retirement System to set aside this order. The State in its memorandum argues that this debtor's disability benefits are exempt from the bankruptcy estate and that Congress has exceeded its authority by granting the bankruptcy court the power to issue such orders to an agency of the State of Alabama.

The State contends that state law operates to exclude these benefits from property of the bankruptcy estate via Section 36–27–28, Code of Alabama 1975, which provides that such benefits are exempt from levy, sale, or garnishment, and are nonassignable. Section 522(b) of the Bankruptcy Code governs exemptions. If the

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited, unless otherwise noted, are to Title 11, United States Code, the Bankruptcy Code.

federal exemptions were still applicable to cases filed in Alabama, disability benefits could be claimed by the debtor as exempt. The State's position misconceives what is property of the estate and the effect of exemptions.

■ The commencement of a case under the Bankruptcy Code creates an estate which is comprised of all of the property of the debtor and includes all property in which the debtor has any legal or equitable interest. 11 U.S.C. § 541. Subsection (c) specifically includes any interest of the debtor *notwithstanding any provision that restricts or conditions transfer* of such interest by the debtor. (Emphasis added.) The right to receive such benefits are a legal or equitable interest and are property of the estate. *In re Buren*, 6 B.R. 744 (M.D.Tenn.1980).

■ Section 1322 directs that a debtor's plan shall provide for the submission of all or such portion of future earnings *or other future income* of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. (Emphasis added.) This debtor has petitioned this court for relief under Chapter 13 and has thereby committed a portion of his disability benefits to the fulfillment of his plan. If, in light of Section 1322, there is an option under the Code to claim these benefits accruing during the pendency of his case as an exemption, the option is personal to the debtor as it exists for the debtor's benefit only. The State cannot exercise this option for the debtor in order to avoid complying with this court's order and thereby not making the necessary deductions to fund this debtor's Chapter 13 plan.

■ Individuals with regular income are eligible for relief under Chapter 13. An individual with regular income is defined in Section 101(24) as ". . . an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title. . . ." The legislative history of the Code clearly indicates that persons who re-

ceive pensions, welfare, and various government-provided benefits qualify as individuals with regular income. Both the House and Senate committee reports contain the following comment:

> Thus, individuals on welfare, social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy.

H.R.95–595, 95th Cong., 1st Sess. at 312 (1977), and S.R.95–989, 95th Cong., 2nd Sess. at 24, U.S.Code & Admin.News 1978, pp. 5787, 5810, 6269. Congress clearly manifested an intent to make Chapter 13 relief available to debtors dependent on the type of income the debtor has in the case here. As these benefits are income which would qualify an individual to file under Chapter 13, it must necessarily be concluded that the benefits are property of the estate and are income with which the debtor may fund his plan.

Section 1325(b) specifically empowers bankruptcy courts to issue orders such as the one issued to the State of Alabama Retirement System in the present case. That section states:

> After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

Section 101(14) defines entity to include person, estate, trust, and governmental unit. Section 101(21) defines governmental unit to include "a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state".

■ The State is aware that this court has previously ruled in *In re Devall*, 9 B.R. 41 (Bkrtcy.M.D.Ala.1980), on very similar facts and issues as presented here, that the Social Security Administration must honor an income deduction order. The State of Alabama Retirement System argues that because it is a state agency rather than a federal one this court may not issue such an order to it and that Congress may not authorize the court to do so. This contention must be rejected. In light of the constitu-

tionally granted congressional power to enact bankruptcy laws and the provisions of the Bankruptcy Code as set out herein, it is clear that this debtor is eligible for relief under Chapter 13 of the Code and that the State Retirement System is subject to and must honor income deduction orders issued by this court. To suggest that the State may in effect render this debtor ineligible for relief under the Bankruptcy Code is untenable.

It should be noted that this court is not in any manner attempting to interfere with the State as to its retirement policies or its right to determine benefits payable to recipients.

The motion of the State of Alabama Employees' Retirement System to set aside the income order is due to be denied. An appropriate order in conformance with the above will be entered this date.