**In the Matter of Raymond S. MOORE, Debtor.**

No. 81–611.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 22, 1982.

Domenic Massari, Kass, Hodges & Massari, Tampa, Fla., for debtor.

Michael J. Keane, Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, Fla., for Catherine Moore.

## ORDER ON PENDING MOTIONS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 13 proceeding instituted by Raymond S. Moore who filed this petition for an Order for Relief on April 13, 1981. There are presently several matters under consideration, all of which involve the Debtor, his former spouse, Catherine Ann Moore (Mrs. Moore), and American Blueprint Company (Blueprint), a corporation in which the former Mrs. Moore is a 52% majority shareholder. The record reveals that the Debtor's bonds, both with Catherine Moore and the corporation, have been severed. The former bond was broken by the entry of a final judgment of dissolution of marriage entered by the Circuit Court of Dade County on October 5, 1979. Although the Debtor is still a minority shareholder in Blueprint, shortly after the entry of the divorce judgment Mrs. Moore exercised her corporate majority rights and removed the Debtor from the Board of Directors and from the office of president and also terminated his employment with the corporation.

The record further reveals that at the time of the entry of the judgment of dissolution, the Debtor was ordered to pay rehabilitative alimony to his former wife in the amount of $175 per week for 160 weeks. It is without dispute that his ex-wife obtained a judgment against the Debtor in the Circuit Court for alimony arrearages in the amount of $2,125. The record further reveals that there is an action pending in the Circuit Court of Dade County Florida styled In re: The Marriage of Raymond Scott Moore, wherein the Debtor seeks to modify the final judgment awarding alimony in the above-stated amount. In addition, there is a second civil action pending in the Circuit

Court of Dade County styled American Blueprint Company v. Raymond S. Moore. This is a five count amended complaint which alleges, inter alia, breach of fiduciary duty, fraud, embezzlement and also seeks an injunction against the Debtor restraining him from the use of confidential business information for competitive advantage. The Debtor has filed two applications for removal of these circuit court actions and the Debtor's former spouse and Blueprint have filed their respective motions to abstain and remand. Mrs. Moore has also filed a Motion to Dismiss the Chapter 13 proceeding or to hold the case in abeyance or to change venue. In due course, the Court held a hearing to consider these matters.

Turning first to the Motion to Dismiss, it is the contention of the movant that the Debtor is not eligible for Chapter 13 relief because at the time of filing he was not an "individual with regular income" in that his expenses exceeded his disposable monthly income thereby leaving no available monies to fund his plan. Moreover, it is the contention of Mrs. Moore that the Debtor should not be able to obtain eligibility for relief under this Chapter by a partial liquidation of his interest in the Blueprint's business under the authority to sell provided for by § 1322(b)(8). In opposition, the Debtor contends that he is an individual with regular income derived from social security and that a partial liquidation of assets pursuant to § 1322(b)(8) is perfectly proper and the proceeds of the sale could be used to fund the plant at least in part. It is without dispute that the Debtor's income consists of social security in the amount of $517 per month. The Debtor also earns $310 per month from painting and doing some miscellaneous repair jobs.

The proper beginning for the resolution of this matter is § 109(e) of the Code which provides in pertinent part as follows:

"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of $100,000 and noncontingent, liquidated, secured debts of less than $350,000, . . . may be a debtor under Chapter 13 of this title."

Section 101(24) of the Bankruptcy Code defines an individual with regular income as an:

"individual whose income is *sufficiently* stable and regular to enable such an individual to make payments under Chapter 13 of this title." (emphasis supplied)

Both the legislative history and the case law are clear that an individual who receives income from social security is eligible for Chapter 13 relief. *H.R.No.95–595, 95th Cong., 1st Sess. (1977)*, p. 311–12; *In re Buren*, 4 B.R. 109 (Bkrtcy.1980), affd. 6 B.R. 744 (Bkrtcy.1980). It is equally clear that the Debtor's monthly income of $310 from painting and miscellaneous repair is a proper factor to consider in determining eligibility. *In re Cole*, 3 B.R. 346 (Bkrtcy. 1980). In conjunction with the Debtor's regular income the plan reveals that the Debtor's present spouse, albeit not legally obligated to do so, has agreed to pay all other household living expenses leaving $347 available to fund the plan each month. In addition, the plan provides that the Debtor will submit the income derived from the sale of the property located at 400 S.W. 22nd Ave., Miami, Florida. This is the property where American Blueprint is located. As mentioned earlier the movant argues that the determination of Chapter 13 eligibility must be made with reference to the date the petition is filed and not at any later date. Yet, even in the absence of a partial liquidation scheme, the case law is contrary. *In re Mozer*, 1 B.R. 350 (Bkrtcy. 1979). If the Debtor's income picture improves after the date of filing he is entitled to have the aspect of eligibility determined at this later, more favorable time. See, *In re Cole, supra.* Even if this Court confines the eligibility question to the date of the filing of the petition, a proposition which this Court does not accept as correct, the Debtor is still eligible for Chapter 13 relief. This is so because of the clear and unambiguous language of § 1322(b)(8) of the Code which states that the plan may:

"[P]rovide for the payment of *all or any part* of a claim against the debtor from property of the estate or property of the debtor." (emphasis supplied).

In discussing this provision of the Code, Collier states:

"In keeping with the aim of increasing the flexibility of Chapter 13 relief, § 1322(b)(8) permits the filing of a liquidation plan in a Chapter 13 case." *Collier on Bankruptcy*, 15th ed. ¶ 1322.01.

The Commission on the Bankruptcy Laws of the United States has also recognized the import of this Section:

"If composition is to be encouraged as an alternative to straight bankruptcy for debtors with regular income, the application of a debtors non-exempt assets to reduce the amount of indebtedness payable out of future income should be authorized, and indeed the use of non-exempt assets may likewise be appropriate in a plan contemplating an extension without reduction of debts." Commission on the Bankruptcy Laws of the United States, H.R.Doc.No.93–137, 93rd Cong., 1st Sess., Pts. I and II 157, 164 (1973).

Thus, an in pari materia reading of the language of §§ 109(e), 101(24), and 1322(b)(8) leads this Court to the inevitable conclusion that the Debtor is eligible for Chapter 13 relief.

■ The movant further argues that this case should be dismissed because it was not filed in "good faith." It is alleged that the Debtor's motive in filing this case was "to force the applicant and Blueprint to litigate their claims against the Debtor in an inconvenient forum and to avail himself of an opportunity to liquidate jointly held property ..." The former objection is discussed infra pursuant to the applicant's motion for change of venue. With respect to the latter objection, the Court fails to see how an attempt to liquidate jointly held property evinces a lack of good faith on the part of the Debtor.

■ The applicant also moves for a change of venue of this case under 28 U.S.C., § 1475. In support of this motion, the movant states that the major creditor and parties of interest reside in Dade County, Florida; that the major portion of the Debtor's assets are located in Dade County, and that all litigation is presently pending in Dade County. First, an examination of the record reveals that the Debtor has resided within the district for 180 days preceding the filing of the petition. Thus, the case was properly filed in this District and the burden is, therefore, upon the moving party to demonstrate that the interest of justice and convenience of all the parties including the Debtor warrants a transfer pursuant to 28 U.S.C., § 1475. *In re Macon Uplands Venture*, 7 B.R. 293, 1 CBC 2d 385 (D.C.Md.1980).

■ Although the record reveals that some of the creditors reside in Miami, it also reveals creditors located in Ft. Myers, Florida and Indiana. Moreover, as mentioned above, the Debtor resides in the district and his inconvenience is also a factor for consideration. This Court is not persuaded that the interests of justice will be disserved or these parties or creditors will be inconvenienced if the case proceeds in this forum.

■ As stated earlier, the Debtor's former spouse has filed a Motion to Abstain and Remand in response to the Debtor's Application for Removal of the divorce proceeding wherein the Debtor seeks a modification of the judgment awarding alimony to his former spouse. The Court is satisfied that the Motion to Remand is well taken and that the State Court Judge who presided over the original divorce proceeding is in a better position to resolve this issue. This is not the case, however, with respect to the civil action styled, American Blueprint Company v. Raymond S. Moore. The movant urges that principles of state law govern the proceeding and, therefore, that the State Court is best suited to resolve the issues of this lawsuit. Yet, this Court is frequently called upon to apply the laws of Florida to various controversies before it. Neither does it appear that this State Court action involves unsettled questions of state law. *In re Kimrey*, 10 B.R. 466, 4 CBC 2d 254 (Bkrtcy. MD N.C.1981). The Debtor's

Application for Removal, therefore, should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Application to Dismiss Chapter 13 Proceedings or to Hold Case in Abeyance be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Change of Venue be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Application for Removal of the civil action entitled, "In re The Marriage of Raymond Scott Moore, Petitioner-Husband, and Catherine Ann Moore, Respondent-Wife, Case No. 76–35361, Division 04 (Family Division)" from the Circuit Court for Dade County, Florida be, and the same hereby is, denied, and the Application to Remand filed by Mrs. Moore be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Application for Removal of the civil action entitled, "American Blueprint Company, Plaintiff v Raymond S. Moore, Defendant, Case No. 80–1106, CA 10" from the Circuit Court for Dade County, Florida be, and the same hereby is, granted, and the Application to Abstain or Remand filed by Mrs. Moore be, and the same hereby is, denied. The pre-trial conference in this removed cause shall be held on March 30, 1982 at 1:45 p. m. in Room 703, 700 Twiggs St., Tampa, Florida.