**In re William Andre SHEBEL, Donna Marie Shebel, Debtors.**

Bankruptcy No. 81–00265.

United States Bankruptcy Court, D. Vermont.

May 24, 1982.

Tavian M. Mayer, Legal Clinic, South Royalton, Vt., for debtors.

Catherine W. Scott, Norwich, Vt., for Walter Klein.

Alan R. Medor, Rutland, Trustee, pro se.

## MEMORANDUM AND ORDER AS TO CONFIRMATION

CHARLES J. MARRO, Bankruptcy Judge.

The Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. They are not employed and their only income consists of monthly receipts from Aid to Needy Families with Children in the sum of $540.00 and food stamps of $131.00 for a total of $671.00. They have listed their monthly obligations at $665.00 leaving the sum of $6.00 monthly to be applied toward the payment of their debts. They propose to pay this sum for a period of three years making their annual payments $36.00 or a total of $216.00 over a three-year period.

Their assets consist of a 1978 Fiat 128 valued at $1,592.00 in which there is a security interest in favor of the Federal Credit Union for $3,331.45. They also own a 1976 Chevrolet Cheyene valued at $1,850.00 which is unencumbered. Their unsecured obligations amount to $4,041.05. In their Plan they propose to add to these debts as unsecured the difference between the secured indebtedness against the 1978 Fiat and its value which amounts to $1,739.45. Therefore, their total unsecured obligations amount to $5,780.50.

After the filing of the Petition the Trustee discovered that the Debtors are also obligated for taxes to the Internal Revenue Service in the sum of $149.16. Since this is a debt entitled to priority under § 507(a)(6) of the Bankruptcy Code the Debtors must provide for full payment in accordance with § 1322(a)(2). This means that after deducting the sum of $149.16 from the available total income which the Debtors propose to pay to their creditors over a three-year period the net sum available is $66.84 to be applied toward a total indebtedness of $5,780.50. This represents a little over one percent. The Debtors have a seven-year old daughter and a son, ten months old.

Both the landlord of the Debtors with a judgment of $1,383.18 and the Trustee have objected to Confirmation of the Plan. The Debtor, William Andre Shebel, filed a Petition in straight bankruptcy on October 28, 1977 and was granted a discharge. Therefore, he is not eligible to file for relief under Chapter 7 of the Code because of the six-year bar.

The Court is required to confirm a Plan under Chapter 13 only if it complies with the six requirements prescribed under § 1325(a) which include the following:

"(3) the plan has been proposed in good faith and not by any means forbidden by law;

(6) the debtor will be able to make all payments under the plan and to comply with the plan."

The Court is satisfied that the Debtors have not complied with the foregoing requisites. The creditor, Klein, has succinctly pointed out that the payments to creditors will be so de minimus as to constitute a non-payment plan; that there are numerous cases which have held that nominal or non-payment plans do not conform with the requirements of good faith in the proposal of a Chapter 13 Plan.

The Bankruptcy Code does not define the meaning of "good faith" nor does the Legislative History of § 1325. 5 Collier, 15th Edition, § 1325.01, page 1325–8. Therefore, it is quite obvious that a determination of "good faith" must be made on a case-to-case basis. As a result there is no dearth of cases interpreting its meaning and there is a clear division of opinion in the Bankruptcy Courts as to whether there must be "meaningful or substantial" payments by the debtor under a Chapter 13 Plan to constitute "good faith." See *In Re Purdy* (N.D.Ga.1981), 16 B.R. 847, 855–857, for a citation of cases both pro and con the requirements of meaningful payments by the Debtor to constitute "good faith."

Some of the Bankruptcy Courts have reasoned that debtors must make meaningful and substantial payments under a Chapter 13 Plan as a reward for the "super" discharge which they receive pursuant to § 1328(a) under which all debts are discharged upon successful completion of the plan except alimony obligations and certain long term debts. *In Re Schongalla*, 2 C.B. C.2d 286, 4 B.R. 360 (Bkrtcy.); *Matter of Jolly*, 13 B.R. 123, 127 (Bkrtcy.).

At least two Courts at the United States District Court level have rejected the requirement of a "meaningful" repayment by the debtor under Chapter 13 to unsecured creditors for the establishment of "good faith" under subsection (a)(3) of § 1325. *In Re Barnes* (U.S. District Court, District of Columbia—1981). 4 C.B.C.2d 1510, 13 B.R. 997; *In Re Purdy*, 16 B.R. 847 (N.D.Ga. 1981). These decisions seem to support the view that an eligible debtor under Chapter 13 meets the "good faith" test if he sets up a repayment schedule on the "best he can" basis. This Court does not agree that these Debtors who are attempting to satisfy an indebtedness of $5,780.50 with a payment of $66.84 spread over a three-year period are acting in good faith. This is especially true since they have an unencumbered vehicle worth $1,850.00 which could be sold and at least part of the proceeds used to implement the Plan.

The total income of the Debtors is derived from Aid to Needy Families with Children, but they still may seek relief under Chapter 13 as individuals with regular income. § 101(24) of the Bankruptcy Code makes eligible under Chapter 13 debtors whose income is sufficiently stable and regular for them to make payments under a plan. The Legislative History clearly indicates that persons who receive pensions, welfare, and various government provided benefits qualify as individuals with regular income. H.R. 95–595, 95th Congress, first session, at page 312, U.S.Code Cong. & Admin.News 1978, p. 5963. See *In Re Dawson*, 13 B.R. 107 (Bkrtcy.). The problem with the Debtors, however, is that the income is not sufficient for them to make the payments under the Plan. Their total monthly income is $671.00 and their listed expenses are $665.00. It is extremely doubtful that with two minor children they have left any cushion to meet any kind of emergency. Failure in payments is the inevitable result.

In sum, the Debtors have failed to establish good faith in the proposal of the Plan and their ability to make all of the payments.

ORDER

In view of the foregoing,

IT IS ORDERED as follows:

1. The objections of the Trustee and of Creditor Klein to confirmation are sustained.

2. Confirmation of the Plan is DENIED.