PER CURIAM:
 

 In this bankruptcy case, we examine whether a debtor can fund a chapter 13 plan from Aid to Families With Dependent Children (AFDC) checks received from the Bibb County Department of Family and Children Services (Department). We are asked to determine whether, under 11 U.S. C.A. § 1325(b), a court may order the Department to deliver the debtors’ AFDC checks directly to the bankruptcy trustee.
 

 Background
 

 Frances Collins and Callie Jean Ham-monds filed petitions under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Georgia. Under chapter 13, a debtor who cannot meet monthly contract payments proposes a plan whereby the debts are to be paid over a longer period of time. A trustee is appointed to insure that the proposed payments are made and to disburse the funds pursuant to the plan. Chapter 13 is voluntary, and a debtor can dismiss his plan at anytime, for any reason. After confirmation of a plan, a court may order an entity from whom the debtor receives income to pay all or any part of such income to the trustee. 11 U.S.C.A. § 1325(b).
 

 In this case, the sole source of income for both Collins and Hammonds is an AFDC check from the Department. The bankruptcy court, after confirmation of the debtors’ plans, ordered the Department to mail each debtor’s AFDC check to the chapter 13 trustee, pursuant to 11 U.S.C.A. § 1325(b). The payment would then be deducted from the check and the remaining funds returned to the debtors. The Department objected to the proposed use of AFDC checks as the basis for a chapter 13 plan. The Department contends that the bankruptcy court’s order directing it to mail the debtors’ AFDC checks to the trustee would defeat the purpose of the AFDC program.
 

 An appeal ensued from the order of the United States Bankruptcy Court entered October 12, 1982, 23 B.R. 674, ordering the Department to mail the debtors’ AFDC checks directly to the chapter 13 bankruptcy trustee. On September 6, 1983, the United States District Court for the Middle District of Georgia held that the bankruptcy court correctly determined that AFDC payments may be used to fund debtors’ chapter 13 plans and ordered the Department to mail the checks directly to the trustee. The Department appeals this decision.
 

 The Department asserts that the Debtors’ AFDC checks do not constitute “property of the estate” and cannot be used by the debtors to fund their chapter 13 plans.
 

 Discussion
 

 The United States Code defines a debtor under chapter 13 in 11 U.S.C.A. § 109(e). It states:
 

 Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual’s spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noneontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontin-gent, liquidated, secured debts of less
 
 *1393
 
 than $350,000 may be a debtor under chapter 13 of this title.
 

 11 U.S.C.A. § 109. An individual with regular income is defined in the Code as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13, other than a stockbroker or a commodity broker. 11 U.S.C.A. § 101(24). Once a chapter 13 debtor proposes a plan to meet his debts and that plan is confirmed, “the court may order any entity from whom the debtor received income to pay all or any part of such income to the trustee.” 11 U.S.C.A. § 1325(b). The question here is whether an individual whose only income is AFDC checks may be considered an individual with regular income under the bankruptcy laws. If such an individual is considered a debtor, it is clear that a court may direct the Department to send his or her AFDC checks directly to the bankruptcy trustee. 11 U.S.C.A. § 1325(b).
 

 In determining who Congress intended to be considered as an individual with regular income under the Bankruptcy Reform Act of 1978, we turn to an examination of legislative history. The Eleventh Circuit in
 
 United States v. Devall,
 
 704 F.2d 1513 (11th Cir.1983), stated that the legislative history of the Bankruptcy Reform Act clearly indicates that the purpose of the term “individual with regular income” is to permit almost any individual with regular income to propose and to have approved a reasonable plan for debt repayment based on that individual’s exact circumstances.
 
 Devall,
 
 704 F.2d at 1516. The House Report relating to 11 U.S.C.A. § 101(24) reveals those individuals Congress deemed eligible for relief under chapter 13.
 

 The definition [individual with regular income] encompasses all individuals with incomes that are sufficiently stable and regular to enable them to make payments under a chapter 13 plan. Thus, individuals on
 
 welfare,
 
 social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy.
 

 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. at 313,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6269 (emphasis added).
 

 An examination of the Bankruptcy Reform Act lends support to the contention that individuals receiving welfare benefits, and more specifically AFDC benefits, can use them to fund a chapter 13 plan. Title 11 U.S.C.A. § 522 analyzes what property a debtor may exempt from his or her estate. The following property may be exempted from the debtor’s estate:
 

 (10) the debtor’s right to receive—
 

 (A) a social security benefit, unemployment compensation, or local public assistance benefit.
 

 (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.
 

 11 U.S.C.A. § 522.
 

 Congress, in section 522, stated that local public assistance benefits, support reasonably necessary for the support of the debtor and any dependent of the debtor, are a part of the debtor’s chapter 13 estate. Section 522 would be meaningless if we were to hold that property exempted (local public assistance benefits) was not intended to be considered as estate property.
 
 Devall,
 
 704 F.2d at 1516. Since the Bankruptcy Reform Act specifically allows the debtor to exempt local public assistance benefits from his or her estate, we must conclude that welfare benefits are included in the debtor’s chapter 13 estate and are therefore subject to 11 U.S.C.A. § 1325(b)’s provision for income deductions. Since AFDC benefits clearly fall under local public assistance, support reasonably necessary for the support of the debtor and any dependent of the debtor, we must conclude that Congress anticipated that AFDC recipients could use AFDC benefits to fund the chapter 13 plan.
 

 The Department interprets the word welfare, as used in the House Report, to apply only to those types of welfare benefits
 
 *1394
 
 payable to an individual solely for his own support. It contends that the AFDC program was designed to benefit dependent children, and not to enable parents to use the AFDC checks as part of their chapter 13 plan. The Department’s argument is not persuasive.
 

 The AFDC program is financed largely by the federal government and is administered by the states. The major goal of the AFDC program is protection of needy and dependent children by providing them with the “basic demands of subsistence.”
 
 Goldberg v. Kelly,
 
 397 U.S. 254, 265, 90 S.Ct. 1011, 1019, 25 L.Ed.2d 287 (1970).
 

 Congress was deeply concerned with the dire straits in which all needy children in the Nation then found themselves .... The AFDC program was designed to meet a need unmet by programs providing employment for breadwinners. It was designed to protect what the House report characterized as “[o]ne clearly distinguishable group of children.” H.R. Rep. No. 615, 74th Cong., 1st Sess. 10 (1935).
 

 King v. Smith,
 
 392 U.S. 309, 327-28, 88 S.Ct. 2128, 2138-39, 20 L.Ed.2d 1118 (1968). The Department is correct when it states that the AFDC program was designed primarily to benefit the children. In addition, however, to merely aiding the children, the AFDC program was designed to help maintain and strengthen family life. 42 U.S. C.A. § 601.
 

 We are not convinced that a child is not benefited when his parent uses a portion of the AFDC check to fund a chapter 13 plan. Congress, in drafting 42 U.S.C.A. § 601, set forth no specific limitations on the use of AFDC benefits by the recipient parent. Parents, upon receiving AFDC checks, are entitled to spend the funds as they see fit, for the benefit of the family unit. It would, therefore, be anomalous to deprive them of a statutory debt payment mechanism which was enacted for their benefit.
 
 United States v. Devall,
 
 704 F.2d at 1517 n. 5.
 

 In addition, the standard procedures for monitoring the use of AFDC payments are not undermined by allowing a benefits recipient access to chapter 13. Title 42 U.S. C.A. § 605 sets out various steps the state agency may take if it determines that AFDC funds are not being used “in the best interests of the child.” These steps include counseling and advising the parent or relative, transferring the payments to a more suitable guardian pursuant to 42 U.S. C.A. § 606(b)(2), seeking appointment of a legal guardian, or imposing state penalties. The filing of a voluntary chapter 13 plan does not thwart those remedies; in fact, by requiring the agency to send benefit checks to the trustee in bankruptcy, the bankruptcy judge gives the agency notice of a financial condition that may require monitoring.
 

 The Department has attempted to argue that use of the AFDC funds by the parent to fund the chapter 13 plan is not in the best interest of the dependent child. The bankruptcy court is correct in holding that a chapter 13 plan is not a detrimental use of AFDC funds. Rather, it is another form of budgeting that a parent may elect for the benefit of the family unit. When the family unit is strengthened through the gradual elimination of any debt problems, the needs and desires of the children may, indeed, be satisfied and fulfilled. Moreover, the fact that AFDC benefits are “regular income” for purposes of chapter 13 does not command that a bankruptcy judge automatically approve a plan funded by such payments. In
 
 Derail,
 
 we examined the contention that the assignment of Social Security funds to the trustee would negatively affect the recipient’s ability to secure basic care and maintenance and found as follows:
 

 A debtor in a Chapter 13 case who chooses to provide for repayment of his debts from his Social Security benefits is unlike an ordinary assignor in several respects. First, the plan of debt adjustment must be reviewed and approved by a United States Bankruptcy Judge. In approving the plan, the Court must determine that the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6). The Court will not approve a plan unless it is clear that the debtor
 
 *1395
 
 will be able to make these payments, thus perhaps enabling him to retain property which would otherwise be subject to the claims of creditors. Unless the Court has first ascertained that the plan of repayment is feasible and will work no undue hardship on the debtor or his dependents, the plan cannot be confirmed. Second, and perhaps more importantly, Chapter 13 is a wholly voluntary proceeding. A debtor cannot be forced to submit his Social Security benefits to the jurisdiction of the Court. See 11 U.S.C. §§ 303(a), 706(c), 1112(d). Moreover, a debtor under Chapter 13 has a non-waivable right to dismiss his case under Chapter 13. For this reason the debtor’s benefits may not be subject to seizure in any legal process against the debtor unless and except to the extent that he so desires.
 

 Devall,
 
 704 F.2d at 1517 (quoting
 
 In re Penland,
 
 11 B.R. 522 (Bkrtcy.N.D.Ga.1981)). The supervision of the bankruptcy judge, who must insure that the payment plan is feasible given the needs of the individual debtor, is a safeguard against a voluntary chapter 13 plan operating to the detriment of the debtor’s children.
 
 See In re Shebel,
 
 22 B.R. 9 (Bkrtcy.D.Vt.1982) (even though AFDC benefits are income, the bankruptcy judge rejected the chapter 13 plan because the payment schedule was not feasible given the needs of debtor’s dependents).
 

 In
 
 Shebel,
 
 debtors filed a petition for relief under chapter 13 of the bankruptcy code. The debtors were not employed, and their only income consisted of monthly receipts from Aid to Needy Families With Children. The court reviewed the legislative history which indicated that persons who received pensions, welfare, and various government-provided benefits qualify as individuals with regular income under chapter 13. The
 
 Shebel
 
 court firmly stated that debtors whose only income is derived from benefits received through Aid to Needy Families With Children may seek relief under chapter 13 as individuals with regular income, as defined by section 101(24) of the bankruptcy code.
 
 Shebel
 
 is directly on point with this case. As in
 
 Shebel,
 
 we conclude that debtors whose total income was derived from AFDC are entitled to seek relief under chapter 13. The
 
 Devall
 
 court gave an expansive interpretation to the terms “individual with regular income.” We hold that the term “welfare” in the House analysis of section 101(24) must be deemed to include debtor parents receiving AFDC checks.
 

 We conclude that the district court was correct when it held that an individual who receives AFDC benefits can use them to fund a chapter 13 plan. Congress specifically stated that an individual on welfare is deemed an individual having regular income under chapter 13. A parent who receives AFDC benefits could, outside of a chapter 13 plan, use a portion of the amount to repay debts. As such, it would be incomprehensible for a court to conclude that this parent would be prohibited from using the AFDC benefits to fund a chapter 13 plan. Under 11 U.S.C.A. § 1325(b), a court may order the Department to deliver the debtors’ AFDC checks directly to the bankruptcy trustee.
 

 AFFIRMED.