**In re Denise HOWELL, Ruthe G. Cavender, a/k/a Ruthe G. Griffin, Vittoria Defeo, Debtors.**

**Bankruptcy Nos. 90–3352, 90–2017 and 91–1888.**

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 4, 1991.

---

Richard J. Benford, Gary J. Gaertner, Pittsburgh, Pa., for Chapter 13 Trustee.

Jason W. Manne, Office of Legal Counsel, Dept. of Public Welfare, Pittsburgh, Pa., for Dept. of Welfare.

Evalynn Welling, Neighborhood Legal Services, Pittsburgh, Pa., for debtors.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

Three Chapter 13 cases are consolidated for review here. The Commonwealth of Pennsylvania, Department of Public Welfare's (hereinafter "Commonwealth") has refused to comply with income attachment Orders issued by this court. While the Commonwealth has not sought to vacate these Orders, it has filed an answer to the trustee's motion to enforce the income attachment in the cases of Denise Howell, Bankruptcy No. 90–3352, and Ruthe G. Cavender, a/k/a Ruthe G. Griffin, Bankruptcy No. 90–2017. Included in this Memorandum Opinion is the case of Vittoria Defeo, Bankruptcy No. 91–1888. All three of these Chapter 13 cases involve the attachment of welfare benefits paid through the program of Aid to Families with Dependent Children (hereinafter "AFDC").

The legal issue in these cases is whether, under 11 U.S.C.A. § 1325(b), the bankruptcy court can order the Commonwealth to distribute a portion of the debtor's AFDC benefits directly to the Chapter 13 trustee in order to fund Chapter 13 plans. Central to the determination of this issue is whether such attachment is consistent with other federal and state law which administers the distribution of welfare benefits.

At the outset, it should be noted that none of the debtors in these cases have raised objections to the income attachment orders issued by this court. Debtors Ruthe G. Cavender, a/k/a Ruthe G. Griffin, and Denise Howell have voluntarily consented to the trustee's motion to attach their AFDC benefits. Debtor Vittoria Defeo has filed a separate memorandum in support of the trustee's motion to enforce the attachment of benefits and in support of her own motion to require the Commonwealth to distribute a portion of here benefits to the Chapter 13 trustee. The record clearly shows that each debtor has voluntarily agreed that a portion of her AFDC benefits be paid directly to the Chapter 13 trustee.

The Commonwealth argues that payment of welfare benefits to third parties is prohibited by 45 C.F.R. § 234.11 which reads as follows:

> Assistance in the form of money payments: (a) Federal financial participation is available in money payments made under a State Plan under Title I, IV–A, X, XIV, or XVI of the Social Security Act to eligible families and individuals. Money payments are payments in cash, checks, or warrants immediately redeemable at par, made to the grantee or his legal representative with no restrictions imposed by the agency or the use of funds by the individual.

The state thus argues that money payments in federal programs must be made directly to the grantee with no restrictions applied. The state recognizes 45 C.F.R. § 234.60 which details numerous exceptions to the general "direct payment" rule. These exceptions allow state plans under the department of Health and Human Services to provide for protective, vendor, and two-party payments.

The significance of this regulation is that it permits the states some discretion in implementing federally funded welfare plans. For instance, under 45 C.F.R. § 234.60(a)(2)(ii) states may establish their own criteria to determine whether a recipient of aid has mismanaged funds; this criteria may include non-payment of rent.

Under 45 C.F.R. § 234.60(a)(14), state plans may provide for protective, vendor, or two-party payments at the request of the recipient. The regulation is careful to specify that payments to parties other than the grantee be both voluntary and that the grantee be allowed to discontinue such payments upon written request. 45 C.F.R. § 234.60(a)(14)(iii). The concern of these provisions is to prevent states from redirecting aid without the consent of the recipient. However, no provision of the regulation indicates that payments other than to grantees are expressly forbidden. The argument of the state that direct payments to the Chapter 13 trustee is prohibited by the Social Security Act is not clear at all especially as it applies to voluntary income attachments.

The state also asserts an Eleventh Amendment defense to the income attachment orders in these cases. This argument relies on *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) where the United States Supreme Court held that 11 U.S.C. § 106(c) is not a broad abrogation of the immunity of the states.

No argument is made here that 11 U.S.C. § 1325(c) or any other bankruptcy provision is a broad abrogation of the states immunity. The attachment orders here affect state funds after the states have awarded these funds to recipients under the Aid to Families with Dependent Children program. At the time of attachment, the funds belong to the recipient and are no longer part of the state's treasury.

We adopt the holding of the Eleventh Circuit in the case of *In re Hammonds*, 729 F.2d 1391 (1984). The Hammonds' court found that AFDC benefits may be attached under 11 U.S.C. § 1325(c). The court held that attachment of AFDC checks to fund Chapter 13 plans is consistent with the overall purpose of the AFDC program which is to benefit the family unit. "When the family unit is strengthened through the gradual elimination of any debt problems, the needs and desires of the children may, indeed, be satisfied and fulfilled." *In re Hammonds*, 729 F.2d at 1394.

The Commonwealth argues that the *Hammonds* court erred in finding that bankruptcy judges adequately supervise whether a Chapter 13 plan exposes a debtor to undue hardship. *Hammonds*, 729 F.2d at 1395. We disagree with the Commonwealth. A bankruptcy judge should not confirm Chapter 13 plans that work to deprive a debtor and his family from the necessities of life. The Chapter 13 process and review by a Chapter 13 Trustee provides adequate safeguards exist to ensure that attachment of AFDC checks to fund Chapter 13 plans will not work to the detriment of the debtor.

An appropriate order is attached.

**ORDER OF COURT**

AND NOW, this 4th day of November, 1991, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Commonwealth of Pennsylvania, Department of Public Welfare, comply with the income attachment orders issued by this Court in the cases of Denise Howell, Bankruptcy No. 90–3352, Ruthe G. Cavender, a/k/a Ruthe G. Griffin, Bankruptcy No. 90–2017, and Victoria Defeo, Bankruptcy No. 91–1888.