**MICHIGAN EMPLOYMENT SECURITY COMMISSION, Appellant-Plaintiff,**

v.

**Gerald Dwight & Suzanne A. JENKINS, Appellees-Defendants.**

**No. K86–54.**

United States District Court, W.D. Michigan.

July 28, 1986.

Catherine M. Fleming, State Atty. Gen.'s Office, Detroit, Mich., for appellant-plaintiff.

Edward Read Barton, Allegan, Mich., appellees-defendants.

## OPINION

ENSLEN, District Judge.

This case is before the Court for decision on appellant's appeal of Bankruptcy Judge

Laurence E. Howard's Order dated January 22, 1986, in which Judge Howard ordered it to pay a portion of appellees' unemployment compensation benefits to the trustee in charge of their Chapter 13 plan. 58 B.R. 702. Judge Howard found that section 1325(c) of the Bankruptcy Code, 11 U.S.C. § 1325(c), authorized him to enter such an order even though state law forbids appellant from paying such benefits to any person other than the beneficiary. See M.C.L. § 421.30. He concluded that pursuant to the Supremacy Clause of the United States Constitution, the Michigan anti-assignment statute could not restrict his authority under section 1325(c). For the reasons discussed below, the Court will affirm Judge Howard's opinion and order, and will deny appellant's appeal.

## Background

Appellees filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 27, 1984. Pursuant to section 522(d) of the Code, appellees exempted certain assets from the property of the estate. 11 U.S.C. § 522(d). On February 1, 1985, the Bankruptcy Court approved a plan pursuant to which twenty (20) dollars a week was deducted from appellee Gerald Jenkins' wages and given to a trustee for the benefit of appellees' creditors. Subsequent to the court's confirmation of the plan, appellee Gerald Jenkins lost his job, and began to draw unemployment compensation benefits in lieu of wages. On November 13, 1985, appellees requested the bankruptcy court to order appellant to pay a portion of appellee Gerald Jenkins' benefits, specifically twenty (20) dollars per week, to the Chapter 13 trustee.

The bankruptcy court requested the parties to submit briefs on the apparent conflict between section 1325(c) of the Bankruptcy Code, which provides that the court "may order any entity from whom the Debtor receives income to pay all or any part of such income to the Trustee", 11 U.S.C. § 1325(c), and the Michigan anti-assignment statute, which provides that "[a]ll rights to [unemployment] benefits shall be absolutely inalienable by any assignment, sale, garnishment, execution or otherwise, and, in the case of bankruptcy, the benefits shall not pass to or through any trustees or other persons acting on behalf of creditors...." M.C.L. § 421.30. In an oral opinion rendered on January 17, 1986, the court concluded that the two laws were in conflict, and that pursuant to the Supremacy Clause, the federal law must control. U.S. Const. art. VI, cl. 2. Appellant does not question the bankruptcy court's determination that the Code prevails over any conflicting state laws. It argues, rather, that there is no conflict between section 1325(c) and the state law in question here because such a law "is envisioned and authorized within the bankruptcy code itself." Brief of the Michigan Employment Security Commission at 3.

## Standard of Review

This case is before the Court pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Bankruptcy rule 8013 provides that "[o]n an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

## Discussion

The Court agrees in general with Judge Howard's analysis of the issues, and thus will focus primarily on appellant's objections to that analysis. As several courts of appeals have indicated, the key issue in this case is whether the property which the debtor seeks to have assigned to the trustee is property of the estate within the meaning of sections 541 and 1306 of the

Code. *McLean v. Central States, Southeast and Southwest Areas Pension Fund,* 762 F.2d 1204, 1206 (4th Cir.1985); *In re Hammonds,* 729 F.2d 1391, 1392–93 (11th Cir.1984); *Regan v. Ross,* 691 F.2d 81, 83 (2d Cir.1982). If the property at issue does constitute property of the estate, a subsidiary issue may arise of whether there exists another federal law that prohibits the assignment of such property to the trustee under section 1325(c). *See In re Buren,* 725 F.2d 1080 (6th Cir.), *cert. denied,* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984) (benefits received under Title II and Title XVI of the Social Security Act cannot be assigned under section 1325(c) of the Bankruptcy Code).

■ The Court believes that the unemployment compensation benefits at issue here do constitute property of the estate. Section 541(a) provides that the property of the estate consists, with certain limited exceptions, of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). More specifically, section 1306(a) provides that "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title...." 11 U.S.C. § 1306(a)(1). Hence, for purposes of Chapter 13 proceedings, the relevant property also consists of property the debtor acquires after the commencement of such proceedings. *McLean,* 762 F.2d at 1206.

Appellant argues, however, that pursuant to section 522 of the Code, the Court must recognize the decision of the Michigan state legislature that unemployment compensation benefits shall not constitute property of the estate. The Court does not disagree that the State, in lieu of accepting the federal exemptions listed in section 522(d), may designate the categories of property a debtor may choose to exempt from the property of the estate. *See* 11

U.S.C. § 522(b)(2); *Rhodes v. Stewart,* 705 F.2d 159, 163–64 (6th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983). As Judge Howard noted, however, it is the debtor's choice of whether to exempt his or her unemployment compensation benefits from the property of the estate. In this case, the debtors not only have not chosen to exempt such benefits, they have specifically requested that the bankruptcy court order appellant to turn a portion of the benefits over to their trustee.

■ Appellant implicitly argues that the State has chosen not just to make an exemption for unemployment compensation benefits available to debtors, but rather has declared that such benefits cannot become property of the estate, and thus may not be subjected to a pay order entered pursuant to section 1325(c). Appellant's Brief at 6. The determination of what property constitutes property of the estate, however, is a matter of federal law, although state law—or other nonbankruptcy law—will determine whether the debtor has the requisite legal or equitable interest in certain property. *See* L. King, 4 *Collier on Bankruptcy* ¶ 541.02[1] (1986). More importantly, section 541(c)(1) provides that "[e]xcept as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—(A) that restricts or conditions transfer of such interest by the debtor...." 11 U.S.C. § 541(c)(1). Paragraph (2) of section 541 provides a limited exception for restrictions "on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law...." 11 U.S.C. § 541(c)(2); *see McLean,* 762 F.2d at 1206–07 (holding that an anti-assignment clause in a pension plan is valid under section 541(c)(2) and that the pension benefits thus do not become property of the estate and may not be made subject to a pay order under section 1325(c)). Appellant has not attempted to argue, however, that appellees' unemployment compensa-

tion benefits fall within the scope of section 541(c)(2).

 Given that appellees have a legal interest in receiving unemployment compensation benefits, that they have not chosen to exempt such benefits from the property of the estate, and that the Bankruptcy Code does not otherwise exempt such benefits from the property of the estate, the Court must conclude that the benefits are property of the estate. Given that the benefits are property of the estate, the issue becomes whether some other federal law removes them from the operation of section 1325(c).

 Appellant argues that such a law is section 303(a)(1) of the Social Security Act, which requires it to employ a method for the administration of unemployment compensation benefits that is "reasonably calculated to ensure full payment of unemployment compensation when due." *See California Department of Human Resources Development v. Java,* 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). The Court agrees with Judge Howard, however, that there is no conflict between section 1325(c) and this provision of the Social Security Act. The bankruptcy court's payment order does not relieve appellant of its obligation to ensure full payment of the benefits when due. It merely must pay a portion of the benefits to the Chapter 13 trustee rather than the debtors.

 The state law at issue here, although well-intentioned, cannot restrict the bankruptcy court's power under section 1325(c) to issue a pay order requiring appellant to pay a portion of appellees' unemployment compensation benefits to the Chapter 13 trustee. The bankruptcy court correctly applied the two-part analysis established in *Perez v. Campbell,* 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233 (1971), in determining that the state law must bend in this instance. I do not share completely appellant's concern that the bankruptcy court's decision will result in open warfare on unemployment compensation benefits. The bankruptcy court can always refuse to enter the requested pay order. The debtor, moreover, always retains the option of withdrawing from the chapter 13 proceeding. *See* 11 U.S.C. § 1307(b). Finally, although the Court agrees that a pay order may be unnecessary in that the debtor can always voluntarily turn a portion of his benefits over to the trustee once he has received them, the existence of this option does not remove the power of the bankruptcy court to enter a pay order in appropriate situations.

The Court will enter an appropriate order in accordance with this opinion.