**In re Larry Rex WORRELL, Jr. & Bobbi Jo Worrell, Debtors.**

**Bankruptcy No. 89–00973–NN–B.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

March 21, 1990.

Richard G. Poinsett, Hampton, Va., for debtors.

Frank J. Santoro, Portsmouth, Va., standing Chapter 13 trustee.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

We are faced with the unhappy task of considering whether or not the court can compel an unwilling employer to withhold Chapter 13 payments from the debtor's wages to be forwarded to the trustee for distribution to creditors.

Larry and Bobbi Jo Worrell (hereinafter debtors) filed for protection under 11 U.S.C. § 1301 *et seq.* on July 20, 1989. The debtors Chapter 13 plan of rehabilitation was confirmed on January 22, 1990, and a confirmation order was entered directing the employer, Gill Refrigeration & Air Conditioning, to deduct $55.00 per week from the debtor's pay and to forward these deductions monthly to the Chapter 13 standing trustee. In sending a copy of the confirmation order to all employers, nearly 20 years ago the undersigned composed a letter explaining to employers what it is all about. [copy attached.]

On January 31, 1990, the Court received a letter from the debtor's employer refusing to comply with the confirmation order. The Chapter 13 trustee filed a motion

to compel compliance with the Court order and a hearing was held on March 16, 1990. Margaret Gill, the bookkeeper for Gill Refrigeration & Air Conditioning, appeared and stated that she felt the confirmation order was a voluntary action of the debtor and that she was not responsible for administering the debtor's personal financial obligations. The Court explained the system to her and how it had worked for many years. Indeed, this is the only protest to ever arise in so many years. Mrs. Gill felt no one had the right to put her to the bother and the expense of withholding and forwarding the funds. In the protestations, the issue was raised as to the authority of the court to compel compliance with the confirmation order.

■ The bankruptcy court has exclusive jurisdiction over all income from any source as property of the estate of the debtor. *5 Collier on Bankruptcy,* ¶ 1325.09, p. 1325–59, (15th ed.1989). 11 U.S.C. § 1306(a)(2) clearly provides that the post-petition earnings of the debtor are income within this definition and, therefore, subject to the jurisdiction of this Court. Further, this income is subject to the order of this Court in accordance with the authority granted the bankruptcy court by 11 U.S.C. § 105(a). *Michigan Employment Security Commission v. Jenkins,* 64 B.R. 195, 198 (W.D.Mich.1986).

■ 11 U.S.C. § 1325(c) states "... the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee." The courts which have considered this question uniformly agree that the bankruptcy court has full authority to order any entity, including the debtor's employer, to withhold funds from the employee's pay and to forward them to the standing Chapter 13 trustee for the purpose of implementing the debtor's confirmed plan of rehabilitation. *McLean v. Central States, S.E. & S.W. Areas Pension Fund,* 762 F.2d 1204, 1209 (4th Cir.1985); see also *Michigan Employment Security Commission v. Jenkins, supra* at 198. The fact that the debtor has the option to voluntarily make payments to the trustee does not remove the power of the bankruptcy court to enter a payroll deduction order in appropriate situations. *Michigan Employment Security Commission v. Jenkins, supra* at 199. The trustee feels such a withholding is necessary in this case.

It is firmly established law that orders of the courts must be complied with promptly. *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). It is, therefore,

ORDERED that the employer of the debtor, Gill Refrigeration & Air Conditioning, withhold and forward funds as specified in the Court's order of January 22, 1990, commencing with the debtor's next payday following entry of this order.

Let the Court say that it intends for the order to be obeyed. If necessary, it will force compliance. To begin with, it is not that much of a chore. Too, the Court seeks to assist the debtor resolve his financial difficulties which may make him a more contented worker.

# APPENDIX

### JUDGE'S CHAMBERS
#### United States Bankruptcy Court
### EASTERN DISTRICT OF VIRGINIA
#### WALTER E. HOFFMAN U. S. COURT HOUSE
#### NORFOLK, VIRGINIA 23510

HAL J. BONNEY, JR.
JUDGE

Re:

Dear Sir:

Enclosed is an order of the Court directing you, as the employer of the above-named debtor to deduct from the debtor's wages or salary a sum certain and pay this sum forthwith to the Chapter 13 trustee with the regularity set forth in the order.

You should be aware that there are several types of bankruptcy and not simply the type which usually comes to mind, straight distribution to creditors. The debtor here has filed a petition under Chapter 13 of the Bankruptcy Code and through a plan which the Court has confirmed proposes to pay the debtor's creditors in full or in part, as the plan may provide, out of their regular income.

Therefore, the debtor deserves your cooperation in seeking to avoid straight bankruptcy and to resolve financial obligations under the jurisdiction of the Court.

If you have questions, I urge you to contact the debtor's attorney or the Chapter 13 trustee. Should the case be dismissed at any time during the pendency of the case or upon consummation of the plan, you will be advised.

Thank you for your cooperation.

Yours sincerely,

HAL J. BONNEY, JR.
Judge

co

Enclosure
pc: Debtor
     Attorney for debtor

