In re Wayne **STEPHENS** and Bobbi C. Stephens, Debtors.

No. 00–3869–3P3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 10, 2001.

**336**

Clive N. Morgan, Jacksonville, FL, for debtors.

Marsha M. Brown, Jacksonville, FL, for Mamie L. Davis, Chapter 13 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a confirmation hearing on April 10, 2001. In lieu of oral argument, the Court instructed the parties to submit briefs. Upon the testimony and the submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. In 1997, Bobbi Stephens ("Debtor Wife") was injured on the job.

2. On May 18, 2000, Debtors filed a Chapter 13 bankruptcy petition. (Doc. 1.)

3. Debtors' Statement of Financial Affairs indicates that neither debtor was a party to a suit within one year prior to the filing of the petition. Additionally, Debtors did not list any potential proceeds from a worker's compensation settlement as an asset on their schedules.

4. At the meeting of creditors, Mamie L. Davis, the Chapter 13 Trustee, (the "Trustee") inquired whether Debtors were parties to a suit. Debtors informed her that Debtor Wife was pursuing a worker's compensation claim. Accordingly, the Trustee instructed Debtors to file amended schedules to reflect the information.

5. Despite the Trustee's instructions, Debtors did not file amended schedules to reflect the worker's compensation litigation.

6. Thereafter, Debtor Wife received a $10,000.00 worker's compensation settlement. Debtors did not inform the Trustee of the receipt of the settlement. Debtor Wife testified that Debtors used approximately $7,000.00 of the proceeds to re-carpet and re-vinyl their home and approximately $500.00 to pay for college tuition. Debtors did not account for the remaining $2,500.00.

7. Debtor Wife testified at the confirmation hearing that Debtors did not inform the Trustee of their receipt of the settlement because Debtors were informed "this had nothing to do with" the bankruptcy case. Debtors' bankruptcy attorney acknowledged that he advised Debtors

that worker's compensation proceeds are exempt pursuant to bankruptcy law.

8. Debtors' Chapter 13 plan proposes to pay 5% to unsecured creditors.

9. Payment of the worker's compensation proceeds into the Chapter 13 plan would increase the pay-out to unsecured creditors to approximately 40%.

10. The Trustee objects to confirmation of the plan on the basis that the worker's compensation proceeds are disposable income and must be paid into the plan.

11. On April 23, 2001, Debtors filed an amendment to their Schedule C to claim the proceeds of the worker's compensation settlement as exempt.

12. On May 2, 2001, the Trustee filed an objection to Debtors' claim of exemption.

### CONCLUSIONS OF LAW

Section 1325 of the Bankruptcy Code requires that, upon an objection to confirmation of a plan by the trustee or an unsecured creditor, the debtor must either pay his unsecured creditors in full or pay all of his projected disposable income into the plan during the first three years of the plan. 11 U.S.C. § 1325(b) (West 2001). The issue before the Court is whether the proceeds of the worker's compensation settlement are subject to the disposable income test, and if so, whether they are reasonably necessary for the support or maintenance of Debtors or their dependents.

■ Initially, Debtors argue that the proceeds are not subject to the disposable income test because they are exempt pursuant to Florida Statutes. The Trustee acknowledges that the proceeds are exempt but argues that they are nonetheless subject to the disposable income test. The Court recently addressed a similar issue in

*In re Tolliver,* 257 B.R. 98 (Bankr. M.D.Fla.2000). In that case, the debtors failed to indicate on their schedules that the debtor husband was involved in a worker's compensation lawsuit against his former employer. After confirmation of the plan, the debtor husband received a settlement. Only then did the Trustee become aware of the litigation. The Trustee filed a Motion to Modify Debtors' Confirmed Plan to require that the proceeds be paid into the plan. The debtors objected to the modification asserting that the proceeds were exempt pursuant to state law. The Court held that the proceeds were subject to the disposable income test. Because the debtors did not file an amendment to their Schedule C to claim the proceeds as exempt, the Court did not directly address the issue now before it, that is whether income claimed as exempt to which a timely objection is filed is subject to the disposable income test.

■ Although Chapter 13 debtors are entitled to claim the same exemptions as Chapter 7 debtors, their purpose is different. The purpose of exemptions in a Chapter 13 case is to enable the court and the trustee to conduct a liquidation analysis to ensure that the best interests of creditors test is met. In addition to the best interests of creditors test, the disposable income test must be satisfied. "The disposable income test has become the standard amount above that required by the best interests of creditors test that the debtor must pay to accomplish confirmation of the plan." Keith Lundin, *Chapter 13 Bankruptcy* § 163–1 (3d ed.2000). "A debtor may be obliged to sacrifice some exempt income in order to satisfy ... the disposable income standard if an objection to confirmation is timely brought." *In re Graham,* 258 B.R. 286, 291 (Bankr. M.D.Fla.2001). While the worker's com-

pensation proceeds may be exempt pursuant to Florida Statutes, the Court holds that they are nonetheless subject to the disposable income analysis.[1] *See Tolliver,* 257 B.R. at 100 (collecting cases).

■ The Court notes that it is not faced with the issue of whether "conclusively exempted" property is subject to the disposable income analysis. It is clear that property which is claimed as exempt and to which no timely objection is filed is not subject to the disposable income test. *Graham,* 258 B.R. at 292; *In re Hunton,* 253 B.R. 580, 582 (Bankr.N.D.Ga.2000); *In re Ferretti,* 203 B.R. 796, 800 (Bankr. S.D.Fla.1996); *Cf. In re Gamble,* 168 F.3d 442 (11th Cir.1999) (requiring trustee to return to debtors proceeds from the sale of property which debtors had exempted).

**ARE THE PROCEEDS REASONABLY NECESSARY FOR THE SUPPORT OF DEBTORS OR THEIR DEPENDENTS?**

■ Having found that the proceeds are subject to the disposable income test, the Court must now determine whether they are reasonably necessary for the maintenance or support of Debtors or their dependents. Debtors argue that the proceeds are not disposable income because they are compensation for future lost wages and medical expenses. Although Debtors' brief is unclear, the Court assumes that Debtors are asserting that the proceeds are reasonably necessary for Debtor Wife's support, i.e., medical expenses. This argument is undercut by the fact that Debtors immediately spent the money instead of setting it aside for future medical expenses.

Debtors also argue that the proceeds, $7,000.00 of which were used to re-carpet and re-vinyl their home, $500.00 of which were used to pay for Debtor Wife to attend school, and the remainder of which was used for unknown expenses are reasonably necessary for their maintenance and support. The Court finds that the re-carpeting and re-vinyling of Debtors' house is not reasonably necessary for their maintenance or support or that of their dependents. *See In re Cavanaugh,* 175 B.R. 369, 373 (Bankr.D.Idaho 1994) (finding cosmetic repairs to debtors' house not reasonably necessary). *See also In re Jackson,* 173 B.R. 168, 170–172 (Bankr. E.D.Mo.1994) (allowing repairs to prevent further damages to home such as roof repairs but disallowing improvements such as new kitchen cabinets, sink, disposal, and faucets, and storm windows). The Court finds that the $500.00 used by Debtor Wife to attend school is not reasonably necessary for her maintenance or support. Additionally, Debtor Wife offered no explanation at the confirmation hearing as to the disposition of the remaining $2,500.00. However, Debtors' brief indicates that it was used for ordinary expenses, including Chapter 13 plan payments. The Court is not impressed with Debtors' ad hoc explanation and finds that the remaining $2,500.00 of the proceeds are not reasonably necessary for the maintenance or support of Debtors or their dependents. Because none of the proceeds are reasonably necessary for the support of Debtors or their dependents, they are disposable income and must be paid into Debtors' Chapter 13 plan.

1. The Court notes that it scheduled a hearing on Trustee's Objection to Debtors' claim of exemption for July 11, 2001. However, the outcome of that hearing is not important to the resolution of this case. The Court holds that a timely objection to a claim of exemption preserves the objecting party's right to object to confirmation on the basis that the income claimed as exempt is subject to the disposable income test. In the instant case, even if the Court overrules the objection to exemption, the proceeds are nonetheless subject to the disposable income test.

## CONCLUSION

Even though they may be exempt, the proceeds of the worker's compensation settlement received by Debtor Wife are subject to the disposable income test. Additionally, the income is not reasonably necessary for the support of Debtors or their dependents. Unless Debtors amend their Chapter 13 plan to provide for payment of the proceeds into the plan, the Court will deny confirmation. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.