In the Matter of Mary Hart
**SPRINGER, Debtor.**

**No. 04–12747–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

March 3, 2005.

Allen M. Trapp, Jr., Allen M. Trapp, Jr., PC, Carrollton, GA, for Debtor.

### ORDER

W. HOMER DRAKE, JR., Bankruptcy Judge.

Before the Court in the above-referenced case is the issue of whether the proposed Chapter 13 plan filed by Mary Hart Springer (hereinafter the "Debtor") meets the requirements of § 1325 of the Bankruptcy Code. On December 9, 2004, the Court heard the objections to confirmation raised by Adam M. Goodman (hereinafter the "Trustee"), the Standing Chapter 13 Trustee. Following the hearing, the Court took the case under advisement. The parties have submitted letter briefs on the legal issue involved in this controversy. This matter falls within the Court's subject matter jurisdiction, see 28 U.S.C. §§ 157(b)(2)(A) & (O), and it shall be disposed of in accordance with the following reasoning.

### BACKGROUND

On August 31, 2004, the Debtor filed a Chapter 13 bankruptcy petition, a proposed Chapter 13 plan, and schedules of assets and liabilities. The Debtor's Schedules I & J indicate that the Debtor earns $2,206.52 per month from Social Security Income and that she has monthly expenses of $2,099.63. Therefore, the Debtor's proposed Chapter 13 plan provides for monthly payments of $106.89 for the first six months and payments of $222.89 per month for the remaining thirty months. The plan proposes a dividend of 2% to unsecured creditors. According to the Debtor's schedules, the Debtor owes $948 to priority, unsecured creditors and $12,944 to general unsecured creditors.

On Schedule B, the Debtor disclosed an interest in a personal injury claim against a Kentucky Fried Chicken restaurant located in Newnan, Georgia. On Schedule C, the Debtor claimed $10,000 of any recovery from the personal injury claim as exempt property pursuant to O.C.G.A. § 44–13–100(a)(11)(D), and, accordingly, the Debtor's proposed plan does not anticipate that the Debtor would turn over to the Trustee any recovery from the personal injury claim.

On October 6, 2004, the Trustee filed an objection to confirmation, in which he objected to the Debtor's exemption of her personal injury claim on the basis that the funds constitute disposable income that must be committed to the payment of unsecured creditors. The Trustee's objec-

tion to confirmation was filed within the time frame mandated by Rule 4003(b) for the filing of objections to exemptions. In response, the Debtor claims that the issue of whether exempt property must be committed to payment of unsecured creditors has already been settled by this Court, as well as the Eleventh Circuit Court of Appeals. The Trustee urges the Court to join the majority of courts that have ruled on this issue by holding that exempt income may also constitute "disposable income" within the meaning of § 1325.

### Conclusions of Law

■ In order to determine whether the Debtor's proposed Chapter 13 plan satisfies the requirements for confirmation, the Court must determine whether the exempt settlement proceeds that may arise from the liquidation of the Debtor's personal injury claim constitute "disposable income" within the meaning of § 1325(b) of the Bankruptcy Code. Pursuant to § 1325(b), "[i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan ... the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C. § 1325(b)(1). The term "disposable income" is defined as "income which is received by the debtor and which is not reasonably necessary to be expended ... for the maintenance or support of the debtor or a dependent of the debtor ...." 11 U.S.C. § 1325(b)(2).

The issue of whether exempt income also constitutes disposable income arises because, pursuant to § 522(c), exempt property, with two exceptions not applicable here, is "not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case ...." 11 U.S.C. § 522(c). Nothing within the Code suggests that Chapter 13 debtors are not permitted to claim exemptions or that § 522(c) does not apply in Chapter 13 cases. See 11 U.S.C. § 103(a) (all of the provisions of Chapter 5 of the Bankruptcy Code, including § 522, apply in Chapter 13 cases). These two provisions appear to be at odds with one another, as the requirement that the Chapter 13 debtor commit all income that is not reasonably necessary for support conflicts with the debtor's right to shield exempt property from payment of pre-petition debts. This Court previously noted that "[n]either §§ 1325(b) nor §§ 522(c) is expressly limited by or subject to the other," and "[i]n a case like the one at bar, in which the Trustee seeks to satisfy pre-petition claims with proceeds generated through the liquidation of exempt property, it is difficult, if not impossible, to harmonize the two statutes." *In re Hunton*, 253 B.R. 580, 581 (Bankr.N.D.Ga. 2000) (Drake, J.).

Although a split of opinion has arisen with regard to this issue, this Court declined to enter the fray when it decided the case of *In re Hunton*. The facts of *Hunton* were similar to the facts before the Court in the instant case. However, in *Hunton*, the Chapter 13 trustee had not filed a timely objection to the debtor's exemption of the income. In that case, the Court determined that the Eleventh Circuit Court of Appeal's decision in *Gamble v. Brown (In re Gamble)*, 168 F.3d 442 (11th Cir.1999), prevented the Court from considering the issue of whether conclusively exempt property must be committed to the Debtor's plan as disposable income. *See also In re Graham*, 258 B.R. 286 (Bankr. M.D.Fla.2001) (conclusively exempted income not subject to disposable income test).

In *Gamble,* the debtors sold real property after filing a Chapter 13 petition. 168 F.3d at 443. The debtors claimed the proceeds from the sale as exempt, and no objections were filed. *Id.* Nonetheless, the bankruptcy court directed the debtors to turn over the proceeds to the Chapter 13 trustee until they had completed their Chapter 13 plan. The debtors sought the return of the funds, and the court denied the request, holding that, although the debtors had exempted the proceeds, the trustee needed to safeguard the property in the event the debtors' case was dismissed. *Id.* at 443–44. The Court of Appeals reversed the lower court, holding that, because no party had objected to the debtors' exemption, the "property became exempt" and, once property is exempt, it "is no longer part of the bankruptcy estate, and is available for the debtor's use." *Id.* at 444–45 (citing *Hall v. Finance One of Georgia, Inc. (In re Hall),* 752 F.2d 582, 584 (11th Cir.1985)).

In *Hunton,* the Court recognized that *Gamble* did not address the issue of whether exempt income may also constitute disposable income. *Hunton,* 253 B.R. at 582. Nonetheless, the Court was compelled to give *Gamble's* language a literal interpretation. *Id.* Having found that the court had unequivocally stated that " '[o]nce the property is removed from the estate [through exemption], the debtor may use it as his own,' " this Court held that forcing the debtor to commit exempt property to payment of pre-petition claims would have conflicted with *Gamble's* directive that a debtor is free to do as he pleases with exempt property. *Id.* Accordingly, the Court declined to conduct an analysis of the two statutes and simply held that the exempt income was not disposable income under the circumstances of that case. In an unpublished case with facts almost identical to *Hunton,* this Court reaffirmed its decision in *Hunton.*

*See In re Walden,* Case No. 99–12191 (Bankr.N.D.Ga. Dec. 8, 2000) (Drake, J.), affirmed by Case No. 3:01–CV–52–JTC (N.D.Ga. Jan. 18, 2002), affirmed by Case No. 02–10613 (11th Cir. Jun. 13, 2002).

As noted above, the instant case can be distinguished from *Hunton* on the basis that the Trustee has filed a timely objection to the Debtor's exemption of these funds. For this reason, the Trustee argues that the Court can now go beyond its holdings in *Hunton* and *Walden* to address the issue of whether exempt property may, nonetheless, constitute disposable income that must be committed to payment of creditors in a Chapter 13 case. The Debtor submits that, regardless of whether the Trustee has timely objected to the exemption, the holding of *Gamble* precludes the Court from forcing the Debtor to use exempt property to pay pre-petition debts.

In *In re Stephens,* 265 B.R. 335 (Bankr. S.D.Fla.2001), the court addressed the legal issue before this Court. In *Stephens,* the Chapter 13 trustee timely objected to the debtors' claim of an exemption of a workers' compensation settlement. *Id.* The court stated that, had the trustee failed to object to the exemption claim, the settlement would have been "conclusively exempted," and the court could not have inquired into the matter of whether the settlement also constituted disposable income. *Id.* at 338 (citing *In re Hunton,* 253 B.R. 580, 582 (Bankr.N.D.Ga.2000); *In re Gamble,* 168 F.3d 442 (11th Cir.1999)); *see also In re McGovern,* 278 B.R. 888 (Bankr. S.D.Fla.2002), *vacated on other grounds,* 297 B.R. 650 (S.D.Fla.2003). The *Stephens* court also held that the trustee's timely objection to the exemption simply "preserves the objecting party's right to object to confirmation on the basis that the income claimed as exempt is subject to the disposable income test" and that, "even if the Court overrules the objection to ex-

emption, the proceeds are nonetheless subject to the disposable income test." *Id.* at 338 n. 1.

■] This Court agrees with the holding in *Stephens* and will also hold that this Court can consider whether exempt property constitutes disposable income, so long as the objecting party has preserved the right to raise this issue by filing a timely objection to the debtor's exemption claim. Here, because the Trustee has filed a timely objection, the Court will consider the issue of whether exempt property may also constitute disposable income, and, if so, whether the settlement at issue in the instant case is reasonably necessary for the support of the Debtor or her dependents.

As the Court noted in *Hunton*, "most courts that have considered the issue have concluded that exempt property must be factored into § 1325(b)'s disposable income test." 253 B.R. at 581–82 (citing *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir.1997)) ("Chapter 13 contains no language suggesting that exempt post-petition revenues are not disposable income"); *Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 481 (6th Cir.1996) (tax refund, even though exempt under state law, qualifies as disposable income); *Watters v. McRoberts*, 167 B.R. 146, 147–48 (S.D.Ill.1994) (funds received from personal injury recovery constitute disposable income, even if funds are exempt under state law); *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 796–97 (9th Cir. BAP 1995) (social security income must be included in calculating disposable income even though it could be claimed as exempt); *In re Pendleton*, 225 B.R. 425, 427–28 (Bankr.E.D.Ark.1998) (exempt personal injury settlement proceeds constitute disposable income);*In re Minor*, 177 B.R. 576, 580–81 (Bankr.E.D.Tenn.1995) (income from workers' compensation payments

that was exempt under state law considered "disposable property" under § 1325(b)(2)).

A small minority of courts that have considered the issue have held that exempt income does not constitute disposable income. *See In re Ferretti*, 203 B.R. 796, 800 (Bankr.S.D.Fla.1996) (personal injury settlement proceeds); *In re Tomasso*, 98 B.R. 513, 515–16 (Bankr.S.D.Cal.1989) (personal injury settlement).

In *Stuart v. Koch (In re Koch)*, the Eighth Circuit Court of Appeals found that, for purposes of conducting a review under § 707(b), exempt income could also constitute disposable income within the meaning of § 1325. The court reasoned that nothing within the statutory definition of disposable income excludes income that is exempt from disposable income. *Koch*, 109 F.3d at 1289; *see also In re Taylor*, 212 F.3d 395 (8th Cir.2000); *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 380 (Bankr.W.D.Pa.1997) (because § 1325(b) contains no limitation on disposable income, exempt income is not excluded from the disposable income test). Additionally, the *Koch* court noted that:

> Exemptions are less significant in protecting Chapter 13 debtors. In a Chapter 7 liquidation, exemptions ensure "that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge." *Schnabel*, 153 B.R. at 817, quoting H.R.Rep. No. 95–595, 1978 U.S.C.C.A.N. at 6087. In a Chapter 13 proceeding, on the other hand, debtor repays unsecured creditors primarily with post-petition "disposable income," income that is not reasonably necessary for support. Debtor's fresh start is not endangered by a requirement that income received during the life of the plan from otherwise exempt sources be in-

cluded in the calculation of disposable income.

*Id.; see also In re Tolliver,* 257 B.R. 98, 100 (Bankr.M.D.Fla.2000) (due to the diminished importance of exemptions in Chapter 13, exempt workers' compensation payments may be considered "disposable income"); *In re Schnabel,* 153 B.R. 809 (Bankr.N.D.Ill.1993) (relying on the diminished importance of exemptions in Chapter 13 as support for holding that exempt income is not excluded from disposable income).

In *In re Ferretti,* the court relied upon the plain language of § 522(c), which provides that exempt property shall not be liable for payment of pre-petition debts to support its conclusion that exempt income cannot be included in the disposable income test. *Ferretti,* 203 B.R. 796 (Bankr. S.D.Fla.1996). The court held that treating exempt income as disposable income would directly conflict with § 522(c). *Id.* In *Koch,* the Eight Circuit Court of Appeals disagreed with the reasoning in *Ferretti. Koch,* 109 F.3d at 1289. The *Koch* court stated that including exempt income in the disposable income test does not make that income "liable" for payment of pre-petition claims. *Id.* Instead, the court found that debtors have an option of choosing a repayment plan or a liquidation, and the disposable income test is simply the "terms upon which Congress has made the benefits of Chapter 13 available."

■■■■ This Court must concur with the reasoning employed by the majority of the courts that have addressed this issue. Although Chapter 13 debtors are entitled to claim property as exempt, the purpose of those exemptions is not the same for Chapter 13 debtors as for Chapter 7 debtors. By choosing to file a Chapter 13 rather than a Chapter 7 case, debtors are seeking the benefits of being allowed to retain their non-exempt property, while also obtaining a discharge of what is often a large portion of a significant amount of unsecured debt. Chapter 13 debtors also receive the benefit of a more liberal discharge (the so-called "superdischarge") and often the option of curing defaults and arrearages on their secured debts, which enables them to save their homes and vehicles. The price for doing so is committing to pay all creditors all income that is not reasonably necessary for support received during a thirty-six month period. Because the operative statute does not indicate that this price is to be reduced by the amount of income that may also be exempt, this Court is inclined to adopt the reasoning and holding of the majority decisions and conclude that exempt income may constitute disposable income.

To determine whether projected income constitutes disposable income, the Court subtracts "the debtor's budgeted expenses, assuming they are reasonably necessary, from Debtor's income and determine if there is any money left." *In re Cameron,* 243 B.R. 117 (M.D.Ala.1999). As the Trustee notes in his brief, the Debtor's Schedule I & J reflects that the Debtor's regular income is sufficient to cover her monthly expenses. The Debtor has not amended her schedules to increase her expenses or to decrease her regular income and has not presented any evidence or argument to suggest that any recovery from her workers' compensation claim would be reasonably necessary for her support. Accordingly, the Court must conclude that any proceeds received from the liquidating of the Debtor's workers' compensation claim must be committed to the payment of the Debtor's creditors through her Chapter 13 plan. Unless the Debtor's proposed Chapter 13 plan is amended to so provide, the plan does not satisfy the "disposable income" test and cannot be confirmed.

### Conclusion

For the reasons stated above, the Chapter 13 Trustee's Objection to Confirmation is **SUSTAINED**.

The Debtor shall have thirty (30) days to amend her proposed Chapter 13 plan. Following the filing of the Debtor's amended plan, the Trustee shall file either a supplemental report requesting confirmation or a supplemental objection asserting that the Debtor's amended plan is not in a confirmable posture. Should the Trustee request confirmation, the Court shall confirm the case without further hearing. Otherwise, the matter of confirmation will be reset for hearing at the earliest opportunity.

**IT IS SO ORDERED.**