Luis Roberto Sanchez SANTIAGO, a/k/a Luis R. Sanchez, a/k/a Luis R. Sanchez Santiago, a/k/a Luis Sanchez S,

and

Carmen Margarita Gonzalez Morales, a/k/a Carmen M. Gonzalez Morales, a/k/a Carmen Gonzalez, a/k/a Carmen Gonzalez M, Debtors.

Luis Roberto Sanchez Santiago and Carmen Margarita Gonzalez Morales, Appellants,

v.

Alejandro Oliveras Rivera, Chapter 13 Trustee, Appellee.

BAP No. PR 11–075.
Bankruptcy No. 11–02225–ESL.

United States Bankruptcy Appellate Panel of the First Circuit.

Sept. 26, 2012.

**518**

Juan M. Suárez Cobo, Esq., San Juan, PR, and Manuel Casellas, Esq., on brief for Appellants.

Osmarie Navarro Martinez, Esq., on brief for Appellee.

Before BOROFF, DEASY, and BAILEY, United States Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

Luis Roberto Sanchez Santiago and Carmen Margarita Gonzalez Morales (the "Debtors") appeal from the bankruptcy court's order sustaining the chapter 13 trustee's (the "Trustee") objection to the exemption they claimed in an income tax refund. The Debtors contend that the bankruptcy court erred in sustaining an exemption objection that was based upon an unrelated statute governing plan confirmation. For the reasons set forth below, we conclude that the Trustee failed to sustain his burden in objecting to the exemption and therefore **REVERSE.**

## BACKGROUND

In March 2011, the Debtors filed a chapter 13 petition, along with their schedules, Statement of Financial Affairs, and a plan. On Schedule B, the Debtors listed an expected income tax refund for 2010. They calculated the value to be $1,392.00 based upon the refund they received in 2009 (the "Refund"). On Schedule C, the Debtors claimed an exemption in the Refund under § 522(d)(5).[1] The Debtors' proposed plan called for monthly payments for sixty months and, in addition, payment into the plan of all income tax refunds "that have not been exempted." [2]

In July 2011,[3] the Trustee filed an objection to the Debtors' claimed exemption in the Refund "to the extent that they are attempting to take out said refund from the property of the estate," on the grounds that the claimed exemption violated the requirement under § 1325(b) that all of their "projected disposable income" be paid into the plan (the "Objection"). In support, he relied on *In re Garcia Matos*, Case No. 10–10289–ESL (Bankr.D.P.R. March 16, 2011). The Trustee did not file an objection to the Debtors' plan.[4]

The Debtors filed an opposition to the Objection in which they briefly explained that the Refund was an asset that they were entitled to claim as exempt. On that same day, the bankruptcy court held a hearing on confirmation of the Debtors' plan. During the course of the confirmation hearing and in the Minute Entry, the bankruptcy court explained that the Objection remained pending, and directed the

---

1. Unless expressly stated otherwise, all references to "Rule" or "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure. All references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.*

2. The applicable provision stated, in relevant part, that any tax refunds "that have not been exempted and thus property of the estate, will be devoted each year, as periodic payments, to the plan's funding until plan completion."

3. Also in July 2011, after receiving the Refund, the Debtors amended Schedules B and C to increase the value of the Refund, and the claimed exemption, to $3,409.00.

4. The Trustee had filed a report indicating that he did not recommend confirmation only because he intended to object to the exemption. As this report was filed on the same day the bankruptcy court confirmed the plan, there is no indication that the bankruptcy court treated this report as an objection to the plan.

Debtors to supplement their opposition to the Objection. On August 17, 2011, the bankruptcy court entered an order confirming the Debtors' unopposed plan.

Thereafter, the Debtors filed an amended response to the Objection, arguing that the Refund was property of the estate pursuant to §§ 541(a) and 1306(a), and that they were entitled to an exemption under § 522(d)(5). The Debtors also argued that the Trustee had not met his burden of proving that they were not entitled to the exemption. According to the Debtors, the Trustee's argument that the exemption should be denied because the Refund is income was not a valid reason to deny a claim of exemption.

On September 13, 2011, the bankruptcy court entered an order (the "Order") sustaining the Objection "for the same reasoning … stated in the case of Damian Garcia Matos, case no. 10–10289." The bankruptcy court reasoned:

> In a Chapter 13 case all property and earnings acquired by the debtor after the commencement of the case but before the case is closed, dismissed or converted is property of the estate. 11 U.S.C. § 1306. Post petition tax refunds are income of the debtor and property of the estate while debtor is in chapter 13. When the trustee or an unsecured creditor object [sic] the confirmation of the plan, the debtor must provide all the projected disposable income during the applicable commitment period to fund the plan. 11 U.S.C. § 1325(b)(1). The income tax refunds, as projected disposable income, are subject to the deductions in sections 1325(b)(2,3), but may not be exempt as the same are not property of the estate under 11 U.S.C. § 541(a). Exempt property may be retained by the Debtor

and generally is not liable for any prepetition debt. In a chapter 13 case the postpetition income, less applicable expenses, may not be retained by the debtor but must be paid to fund the plan. If debtor would prevail on the claimed exemption, then the court would have to deny confirmation for failure to meet the requirements of section 1325(b)(1) as the debtor would not be providing all of its disposable income to fund the plan. Such a result is not consonant with BAPCPA's intent to have chapter 13 debtors pay as much as they can to creditors. Consequently, the trustee's objection to exemptions is hereby granted.

The Debtors timely appealed the Order.

### JURISDICTION

■ Before addressing the merits of an appeal, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from: (1) final judgments, orders, and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A bankruptcy court's order granting or ·denying a debtor's claimed exemption is a final order. *See Stornawaye Fin. Corp. v. Hill (In re Hill)*, 387 B.R. 339, 345 (1st Cir. BAP 2008), *aff'd*, 562 F.3d 29 (1st Cir.2009); *Aroesty v. Bankowski (In re Aroesty)*, 385 B.R. 1, 3 (1st Cir. BAP 2008); *Hildebrandt v. Collins (In re Hildebrandt)*, 320 B.R. 40, 42–43 (1st Cir. BAP 2005). Thus, the Panel has jurisdiction to consider this appeal.[5]

---

5. We note that the order confirming the plan does not render the matter on appeal moot

### STANDARD OF REVIEW

 Appellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See Lessard v. Wilton–Lyndeborough Coop. School Dist.*, 592 F.3d 267, 269 (1st Cir.2010). Generally, a debtor's entitlement to an exemption involves a legal question and is reviewed *de novo*. *See Pasquina v. Cunningham (In re Cunningham)*, 513 F.3d 318, 323 (1st Cir.2008); *Newman v. White (In re Newman)*, 428 B.R. 257, 261 (1st Cir. BAP 2010); *In re Hill*, 387 B.R. at 345; *In re Hildebrandt*, 320 B.R. at 43. As there are no disputed facts involved in the bankruptcy court's decision to sustain the Objection, our review is *de novo*.

### DISCUSSION

On appeal, the Debtors claim that the bankruptcy court made three errors of law in sustaining the Objection: (1) by ruling that the Refund is property of the estate by virtue of § 1306 and not by virtue of § 541; (2) by ruling that a chapter 13 debtor may not claim a tax refund attributable entirely to pre-petition earnings as exempt; and (3) by denying their claimed exemption under the facts of this case. According to the Debtors, because the Refund is a pre-petition asset of the bankruptcy estate that they properly claimed as exempt pursuant to § 522(d)(5), it is not disposable income and should not be included in the § 1325(b) analysis.

thereby depriving us of jurisdiction. *See Boyajian v. Vargas (In re Vargas)*, 2012 WL 2450170 (1st Cir. BAP June 8, 2012) (ruling order sustaining personal injury exemption objection moot based upon failure to brief issue and plan confirmation order). As the plan provides that any tax refunds that have not been exempted will be devoted to funding the plan, whether the Refund is exempt remains a justiciable issue.

### I. Property of the Estate

 The Debtors first take issue with the bankruptcy court's conclusion that they could not claim an exemption in the Refund as it was not property of the estate under § 541(a). In a chapter 13 proceeding, property may become property of the estate through two separate provisions of the Bankruptcy Code. Section 541 defines what is, and is not, property of the estate as of the date the bankruptcy petition is filed. *See* 11 U.S.C. § 541(a)(1) (providing bankruptcy estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case."). "Section 541 is construed broadly to bring in any and all of the debtor's property rights within the bankruptcy court's jurisdiction and the umbrella of protections granted by the Bankruptcy Code, and to promote the goal of equality of distribution." *Abboud v. The Ground Round, Inc. (In re The Ground Round, Inc.)*, 335 B.R. 253, 259 (1st Cir. BAP 2005) (citing *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)), *aff'd*, 482 F.3d 15 (1st Cir.2007). Section 541 only applies to the interests of a debtor in property as of the petition date, subject to the three limited exceptions in § 541(a)(5), none of which are applicable in this case.[6]

 The Supreme Court has ruled that tax refunds arising from pre-petition earnings or losses are generally considered property of the estate under § 541, as they are "sufficiently rooted in the bankruptcy

---

6. Any interest in property, described in § 541, that a chapter 13 debtor acquires post-petition also becomes property of the estate under § 1306, including any "earnings from services performed by the debtor." 11 U.S.C. § 1306(a)(1) & (a)(2). Property included in the bankruptcy estate by § 1306, however, is *"in addition* to the property specified in section 541." 11 U.S.C. § 1306(a) (emphasis added).

past" and do "not relate conceptually to future wages and [are] not the equivalent of future wages." *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (rejecting a chapter 7 debtor's claim under the Bankruptcy Act that a tax refund on pre-petition earnings received post-petition were part of the debtor's fresh start); *see also Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (ruling tax refund from loss-carry-back refund claims on account of taxes paid pre-petition was property of the chapter 7 estate). Although *Segal* and *Kokoszka* were both decided under the Bankruptcy Act, the results have not changed under the Bankruptcy Code.[7] Thus, and as the Trustee concedes on appeal, a debtor's right to a tax refund that originates from pre-petition earnings is property of the bankruptcy estate under § 541.

On appeal, however, the Trustee argues that because the Debtors received the Refund post-petition, it is not only property of the estate but post-petition income that they cannot exempt but rather must pay into their plan. The Debtors disagree.

## II. The Exemption and the Objection

To facilitate a debtor's "fresh start" and to protect the debtor's dependents, a debtor may exempt certain property from the bankruptcy estate under applicable federal or state law. *See* 11

U.S.C. § 522(b). The Bankruptcy Code establishes the types of property debtors may claim as exempt as well as the maximum value of the exemptions a debtor may claim in certain assets. *See* §§ 522(b) and (d). An exemption claim is prima facie valid, and will be excluded from the bankruptcy estate, absent a timely objection. *See Shamban v. Perry (In re Perry)*, 357 B.R. 175, 178 (1st Cir. BAP 2006). As the party objecting to the validity of a claimed exemption, the Trustee had the burden of proving that the Debtors were not entitled to exempt the Refund. *See* Fed. R. Bankr.P. 4003(c); *see also McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576, 579 n. 9 (1st Cir. BAP 2000).

The Debtors claimed an exemption in the Refund pursuant to § 522(b)(5). Section 522(d)(5) allows a debtor to claim a general exemption of up to $1,150 ($2,300 in joint cases), plus up to $10,825 ($21,650 in joint cases) of any unused portion of the homestead exemption. *See* 11 U.S.C. § 522(d)(5). This is commonly called the "wild card" exemption because it can be used to protect any kind of property whatsoever.

In the Objection, the Trustee argued that the Debtors could not claim an exemption in the Refund because it was property of the estate pursuant to § 1306. As explained above, this argument is unavailing because it is contrary to long estab-

---

7. *See, e.g., In re Meyers*, 616 F.3d 626, 628 (7th Cir.2010) ("Courts have recognized that tax refunds received after the petition may, in some cases, represent pre-petition assets and thus are part of the [chapter 7 debtor's] bankruptcy estate"); *Benn v. Cole (In re Benn)*, 491 F.3d 811, 813 (8th Cir.2007) ("A [chapter 7] debtor's anticipated tax refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the bankruptcy estate."); *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1518 (10th Cir.1991) ("The pre-petition portion of the refund essentially represents exces-

sive tax withholding which would have been other assets of the [chapter 7] bankruptcy estate if the excessive withholdings had not been made"); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir.1982) (although *Segal* was decided under the Bankruptcy Act, it applies to the Bankruptcy Code; tax refunds are property of estate); *In re OBrien*, 443 B.R. 117, 131 (Bankr.W.D.Mich.2011) ("In a case that involves a tax refund, the right to receive the refund has accrued as of the [chapter 7] filing date, even if the amount is unknown and the refund is actually received postpetition.").

lished Supreme Court precedent and was abandoned by the Trustee at oral argument. The Trustee also argued that the Debtors could not exempt the Refund because it was disposable income that must be paid into the plan under § 1325(b).[8] The bankruptcy court agreed, ruling that if it overruled the Objection, the result would be that the Debtors would not be devoting all of their disposable income to fund their plan and it could not be confirmed. The Debtors contend that the bankruptcy court erred in addressing an exemption objection based upon § 1325(b)(1) despite the lack of a plan objection.

In support, the Debtors rely on *Schwab v. Reilly,* —— U.S. ——, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), for the proposition that there are only three factors a bankruptcy court can apply to evaluate an objection to a claimed exemption, and, therefore, the bankruptcy court's consideration of § 1325(b)(1) was contrary to *Schwab.* This Panel, however, recently stated that: "*Schwab* ... stands for the ... limited proposition that the time limits for objecting to an exemption do not apply if the claimed exemption is valid on its face," and the three factors are directed to trustees who are considering whether to object to an exemption. *See Massey v. Pappalardo (In re Massey),* 465 B.R. 720, 726 (1st Cir. BAP 2012).

That is not to say, however, that the bankruptcy court's consideration of § 1325(b) was appropriate under the facts of this case. Consideration of § 1325(b), a statute addressing whether a chapter 13 debtor is devoting all projected disposable income to the plan, arises only after the trustee, or the holder of an allowed unsecured claim, *objects to the plan. See* 11 U.S.C. § 1325(b) (emphasis added). Although the Trustee had not filed a plan objection by the time he filed the Objection, perhaps he nonetheless raised the issue of projected disposable income in the Objection based upon case law that explains that by objecting to an exemption, the issue is preserved until a plan objection is filed. *See, e.g., In re Springer,* 338 B.R. 515, 519 (Bankr.N.D.Ga.2005) (holding that reviewing courts can consider whether exempt property is disposable income if objecting party files timely objection to debtor's exemption claim); *In re Stephens,* 265 B.R. 335, 338 n. 1 (Bankr. M.D.Fla.2001) (noting that an objecting party's timely objection to debtor's exemption claim preserves the issue of whether exempt property constitutes disposable income); *In re Graham,* 258 B.R. 286, 292 n. 1 (Bankr.M.D.Fla.2001) (ruling exempt asset could not be included in disposable income but explaining "rule may not control situations where an objection to a claimed exemption has been timely filed.").

Even if an exemption objection based upon § 1325(b) were a necessary placeholder, a procedural issue not before us, it would serve to reserve the issue until the chapter 13 trustee or unsecured creditor interposes an objection to the proposed

---

8. Section 1325(b)(1) provides, in part, that:
 If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
 (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

 (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan.
 11 U.S.C. § 1325(b)(1).

plan. In this case, however, no party filed an objection to the plan and the bankruptcy court confirmed the unopposed plan before it ruled on the Objection. Accordingly, any arguments related to § 1325(b) were moot by the time the court issued the Order.

Having disposed of the two arguments the Trustee raised in the Objection, we conclude that the Trustee failed to satisfy his burden of demonstrating that the Debtors' claim of exemption was in error. Accordingly, the Objection and the Order cannot stand. *See, e.g., In re Vargas,* 2012 WL 2450170, at *3–4.

## CONCLUSION

For the reasons set forth herein, we **REVERSE** the Order.